AO 91 (Rev. 11/11)  Criminal Complaint

| | | |
|---|---|---|
| AUSA: | Susan E. Fairchild | Telephone: (313) 226-9577 |
| Agent: | Jeremiah A. Howe | Telephone: (313) 559-6161 |

# UNITED STATES DISTRICT COURT
for the
### Eastern District of Michigan

United States of America
v.
Javier Yovany ESPINAL SORIANO

Case No.  Case: 2:25−mj−30555
Assigned To : Unassigned
Assign. Date : 9/4/2025
Description: CMP USA V. ESPINAL SORIANO (DJ)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **September 3, 2025** in the county of **Wayne** in the **Eastern** District of **Michigan**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Jeremiah A. Howe
Officer
U.S. Customs and Border Protection

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: September 4, 2025

_____
Judge's signature

City and state: Detroit, MI        Kimberly Altman, U.S. Magistrate Judge
*Printed name and title*

# **AFFIDAVIT**

I, Jeremiah A. Howe, being duly deposed and sworn states:

1. I am an Officer with the United States Department of Homeland Security (DHS), Customs and Border Protection (CBP). I have been employed with that agency for over fifteen years. During my career as a law enforcement officer, I have been involved in various investigations and arrests concerning the re-entry of removed aliens and I have received training in this area.

2. The information set forth below is for the limited purpose of establishing probable cause. Therefore, this affidavit does not necessarily contain all the information collected during my investigation.

3. The defendant, Javier Yovany ESPINAL SORIANO is a 46-year-old male native and citizen of Honduras, who last entered the United States at or near an unknown place, on or about an unknown date, without being admitted, inspected, or paroled into the United States by an immigration officer.

4. On or about May 23, 2013, ESPINAL SORIANO was arrested by US Border Patrol after it was determined that he entered the United States unlawfully. He was processed for Expedited Removal pursuant to Section 212(a)(7)(A)(i)(I), of the Immigration and Nationality Act (INA), as amended. ESPINAL SORIANO was removed to Honduras via Phoenix, Arizona on June 27, 2013. He was advised of a 5-year bar of re-entry.

5. On or about September 15, 2013, ESPINAL SORIANO was arrested by US Border Patrol in Texas after it was determined that he entered the United States unlawfully. ESPINAL SORIANO was apprehended in the Rio Grand Valley. He was processed for reinstatement of removal order pursuant to Section 241(a)(5), of the INA, as amended. ESPINAL SORIANO was removed to Honduras via Harlingen, Texas on September 20, 2013, and was advised of a 20-year bar of re-entry.

6. On or about November 19, 2013, ESPINAL SORIANO was arrested by US Border Patrol in the Rio Grande Valley in Texas after it was determined that he entered the United States unlawfully.  He was processed for reinstatement of removal order pursuant to Section 241(a)(5), of the INA, as amended. ESPINAL SORIANO was removed to Honduras via Brownsville, Texas on November 27, 2013, and was advised of a 20-year bar of re-entry.

7. On or about June 9, 2015, ESPINAL SORIANO was arrested by US Border Patrol near the village of Guvo, Arizona, after it was determined that he entered the United States unlawfully, in a group of seven individuals. Each of the individuals were transporting a large bundle of marijuana on their back.  ESPINAL SORIANO was processed for reinstatement of removal order pursuant to Section 241(a)(5), of the INA, as amended.  ESPINAL SORIANO was removed to Honduras via Phoenix, Arizona on July 08, 2015, and was advised of a 20-year bar of re-entry.

8. On September 3, 2025, at approximately 0856 am, ESPINAL SORIANO was encountered by CBP at the Detroit/Canada Tunnel in Detroit, Michigan when he made a wrong turn, not intending to travel to Canada on his way to work in Detroit, Michigan.  He was encountered by CBP officers attempting to turn around before the tolls to Canada near the secondary inspection area. The vehicle was occupied with two other persons. ESPINAL SORIANO and the co-traveler occupants were escorted to the secondary inspection area for immigration status checks, and his vehicle was moved to a secondary inspection area by officers.

9. In the secondary inspection area ESPINAL SORIANO's fingerprints were queried through the Automated Fingerprint Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS) which resulted in matches to Fingerprint Identification Number (FIN) XXXXXX3317 and FBI number XXXXX1VD7, which corresponds to the prior immigration arrests and removals noted above.

10. A system query was conducted of ESPINAL SORIANO through the Enforce Alien Removal Module (EARM), which is an immigration database maintained by DHS that contains information of aliens who have been removed from the United States.  During that search I found ESPINAL SORIANO to be a match to Alien File XXX XXX 305, as well as the immigration arrests and removals noted above.

11. A system query was conducted of ESPINAL SORIANO through the Central Index System (CIS) and Computer Linked Application and Information Management System (CLAIMS).  These databases are maintained by DHS and contain information relating to application for relief and immigration benefits.  After reviewing the records for ESPINAL SORIANO and all queries of Department of Homeland Security databases, I was able to confirm that no record exists of ESPINAL SORIANO obtaining permission from the Attorney General or the Secretary of Homeland Security to re-apply for admission to the United States.

12. A system query of ESPINAL SORIANO through the Consular Consolidated Database (CCD), which is a database maintained by the US Department of State which contains passport and visa applications and records.  No record was found of ESPINAL SORIANO ever having applied for or received a US visa of any kind or classification.

13. A system query of ESPINAL SORIANO in TECS, which is a US government database that contains information about all persons who arrive in the United States at designated ports of entry and apply for admission.  No record of ESPINAL SORIANO was found ever lawfully arriving or being inspected, admitted, or paroled to the United States by a US border official.

14. After a review of the above listed information, including the arrests and removals of ESPINAL SORIANO, he was read his Miranda rights in the Spanish language which was video, and audio recorded.  ESPINAL SORIANO confirmed that he understood his rights and signed the confirmation.  ESPINAL SORIANO signed the waiver of his rights and

agreed to give an interview. During the interview ESPINAL SORIANO admitted to all the arrests and removals listed above, including the transport of the bundles of marijuana. ESPINAL SORIANO further admitted that after his last removal on July 8, 2015, he re-entered the United States without authorization or permission from the Attorney General or Secretary of Homeland Security to reapply for admission. He admitted unlawfully entering by swimming across the Rio Grande River in Texas and was not then encountered by any US immigration officials.

11. ESPINAL SORIANO was arrested and detained by CBP on September 3, 2025, for administrative proceedings and Reinstatement of the Prior Order against him pursuant to Section 241(a)(5) INA.

12. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United Sates, or alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

13. Based on the foregoing, there is probable cause to believe that, on or about September 3, 2025, at or near Detroit, Michigan, in the Eastern District of Michigan, Southern Division, Javier Yovany ESPINAL SORIANO, an alien from Honduras, was found in the United States after having been denied admission, excluded, deported, and removed there from on or about July 8, 2015, at or near Phoenix, Arizona and not having obtained the express consent of the Attorney General or Secretary of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a)

_____
Jeremiah A. Howe
Officer
U.S. Customs and Border Protection

Sworn to before me and signed in
my presence and/or by reliable electronic means.

_____
Kimberly Altman
United States Magistrate Judge

Date: _____September 4, 2025_____